UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
SEP 28 2026
Nathan Ochsner, Clerk of Court

ALEK MIRKO MASON (formerly Aleksandar Musulin) and
ELENA YANCHEVA YANEVA,

Plaintiffs,

v. Case No. 4:26cv8459

TRUSTMARK BANK (formerly Trustmark National Bank),

Defendant.

_______________________________________/

**PLAINTIFFS' ORIGINAL COMPLAINT**

**NATURE OF THE ACTION**

**1.** The contract is straightforward. Mason has a home-equity line of credit with Trustmark. For the first 120 monthly billing cycles, the agreement requires interest payments, not scheduled payments of principal. The signed agreement is Exhibit A.

**2.** The agreement allows Trustmark to suspend or reduce access to future borrowing when its stated conditions apply. Plaintiffs are not challenging the bank's right to do that under the agreement. But stopping new borrowing does not create a new monthly principal payment.

**3.** On August 27, 2026, Trustmark suspended further borrowing and demanded monthly principal-and-interest payments of at least 2% of the outstanding balance for the remaining loan term. It quoted what it said was a provision of the agreement. That 2% provision is not in the signed agreement. Trustmark's letter is Exhibit C.

**4.** Mason never agreed to change the payment terms. Mason will continue to perform the agreement as written, including paying accrued interest when due. He never agreed to the new 2% principal-payment requirement. He does not dispute that the principal must eventually be repaid according to the signed agreement.

**PARTIES, JURISDICTION, AND VENUE**

**5.** Mason lives in Montgomery County, Texas. He signed the October 24, 2023 loan under his former name, Aleksandar Musulin, and is the borrower. Elena Yancheva Yaneva is his wife and a homeowner. She signed papers consenting to the lien on their home, not as a borrower. Each plaintiff represents himself or herself.

**6.** Trustmark Bank, formerly Trustmark National Bank, is the lender or successor responsible for the payment demands. This Court has jurisdiction over Mason's federal Truth in Lending Act claim under 28 U.S.C. § 1331 and the related Texas claims under 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. §

1391(b)(2) because the home and material events are in Montgomery County, Texas. Plaintiffs are unaware of any related current or recent litigation or directly affected nonparties within the meaning of Southern District of Texas Local Rule 5.2.

## FACTUAL ALLEGATIONS

**7.** The October 24, 2023 agreement (Exhibit A) provided a $55,000 credit line and 120 monthly billing cycles of interest-only regular payments. Mason borrowed $51,717.86, made no further draws, and voluntarily repaid about $10,374.29 in principal and $10,918.40 in interest. Voluntary principal payments did not change the required payment schedule.

**8.** On August 27, 2026 Trustmark's account screen showed a $41,638.95 balance and "Amount Currently Due" of $0.00 (Exhibit B). Its August 30 statement then demanded $569.66 in principal, $274.08 in interest, and $274.28 described as past due. On September 5, Trustmark sent another letter demanding the $274.28 (Exhibit D). Mason disputes the new mandatory principal amount and separately challenges Trustmark's designation of $274.28 as past due.

**9.** On September 8, 2026, Mason paid $843.74—the statement's principal and current-interest components—to protect the account while disputing the new terms. That payment was not agreement to a contract change. Any principal actually credited to the balance is not claimed as a separate dollar-for-dollar loss.

**10.** Mason raised the problem with Trustmark employee Jeff Moss on September 8 and 11. Moss promised to review it and follow up but did not identify the claimed 2% clause. Trustmark's own Billing Error Rights notice in Exhibit A tells customers to send written billing disputes to P.O. Box 1182 in Jackson, Mississippi. Mason sent a written dispute to that exact address and another directly to Moss within 60 days of the August 30 statement. The letters identified the disputed principal demand and the $274.28 past-due entry and explained why Mason believed they were wrong. Moss personally signed for the certified notice sent to him. Neither Moss nor Trustmark responded by Mason's September 23, 2026 deadline. The federal 30-day acknowledgment period has not yet expired, and Plaintiffs do not allege that it has.

**INJURIES AND DAMAGES**

**11.** This is a loan secured by our home. Trustmark's demand for payments not provided for in the signed agreement, and the continuing unresolved dispute, have caused both plaintiffs serious distress.

**12.** Mason and Yaneva each allege substantial mental anguish caused by Trustmark's conduct, including anxiety, lost sleep, difficulty concentrating, disruption of ordinary functioning, and interference with daily life. Mason's work was disrupted, including his inability to work on September 18, 2026, and he lost consulting income because he was required to devote substantial time to

addressing Trustmark's conduct and attempting in good faith to resolve the dispute without litigation. Yaneva discussed her distress with her doctor on September 18, 2026. Each Plaintiff seeks recovery only for his or her own separately suffered and proven injuries.

## CLAIMS FOR RELIEF

13. **COUNT I — BREACH OF CONTRACT (MASON).** Exhibit A requires interest-only regular payments during the first 120 billing cycles. Exhibit C demands scheduled principal under a 2% provision absent from the agreement, Exhibit A. Trustmark breached the written payment terms by imposing that new obligation. Mason seeks proved contract damages and enforcement of the agreement, not emotional-distress damages based solely on the contract claim.

14. **COUNT II - TRUTH IN LENDING ACT AND REGULATION Z (MASON).** Trustmark imposed a principal-reducing payment term without Mason's written agreement or an identified legal exception allowing that change. Mason alleges a violation of 15 U.S.C. § 1647(c) and 12 C.F.R. § 1026.40(f)(3). Mason seeks actual damages and any other relief that 15 U.S.C. § 1640 permits for the violation proved. Mason has also timely invoked Trustmark's written billing-error procedure concerning the disputed principal demand and $274.28 entry. Plaintiffs do not allege a missed federal billing-error deadline at this time and reserve any rights arising from Trustmark's handling of that written dispute.

**15. COUNT III — TEXAS DEBT COLLECTION ACT (BOTH PLAINTIFFS).** To collect this consumer debt, Trustmark said the signed agreement contained a 2% payment provision that is not there, then demanded payment on that basis. Plaintiffs allege that these statements misrepresented the amount or terms of the debt and used deceptive means to collect it, in violation of Texas Finance Code §§ 392.304(a)(8) and (19). Plaintiffs also challenge Trustmark's separate designation of $274.28 as past due. Under § 392.403, each plaintiff seeks actual damages caused by a proven violation, including legally recoverable mental anguish, and relief against proven continuing violations.

**16.** Texas Constitution Article XVI, § 50(t)(7) also bars a lender from unilaterally amending a home-equity line. Plaintiffs rely on it in asking the Court to enforce the signed terms; they do not assert it as a separate claim for automatic damages.

## PRAYER FOR RELIEF

**17.** Declare that suspending future borrowing does not, by itself, change the signed interest-only payment requirement during the first 120 billing cycles, and that failure to pay principal demanded only under the missing 2% clause is not, by itself, a payment default. Require correction of proven account errors, including removal of the unsupported $274.28 past-due entry.

**18.** Award $150,000 in combined compensatory damages—$75,000 for Mason and $75,000 for Yaneva for their separate mental-anguish claims—only to the extent recoverable under proven violations and supported by evidence. Award additional separately proved economic losses, any legally available statutory relief, and recoverable interest, costs, and fees. Award appropriate injunctive relief if its legal requirements are met.

**19.** Plaintiffs reserve the right to seek leave to amend or supplement this complaint to assert additional claims against Trustmark as facts become known, subject to applicable law, notice requirements, and court deadlines.

**EXHIBITS**

A — Signed October 24, 2023 HELOC loan package (47 pages).
B — August 27, 2026 account screenshot showing $0.00 due.
C — Trustmark's August 27, 2026 letter demanding 2% payments.
D — Trustmark's September 5, 2026 past-due letter.

## SIGNATURES — BOTH PLAINTIFFS APPEAR PRO SE

Date: 9/25/2026

Alek Mirko Mason, Plaintiff, pro se
(formerly Aleksandar Musulin)

14132 FM 1097 Road West
Suite 300 PMB 1030
Willis, Texas 77318
Telephone: (830) 830-6374
Email: amason.litigation@gmail.com

Elena Yancheva Yaneva, Plaintiff, pro se

14132 FM 1097 Road West
Suite 300 PMB 1030
Willis, Texas 77318
Telephone: (830) 830-6374
Email: amason.litigation@gmail.com

## CERTIFICATE OF SERVICE

Pursuant to Southern District of Texas Local Rule 5.3, Plaintiffs state that service of this Original Complaint is not required under Federal Rule of Civil Procedure 5. After the Clerk issues the summons, Plaintiffs will arrange service of the summons and this Complaint pursuant to Federal Rule of Civil Procedure 4.